Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 272 | **DATE** | August 3, 2001 |
| **CASE TITLE** | *United States of America v. Clarence Hankton* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendant Hankton's motion for disclosure of exculpatory and impeaching evidence is granted in part and denied in part; motion for early return of trial subpoena's is granted; motion for disclosure of favorable evidence is granted; motion for a bill of particulars is denied; motion for notice of use of Rule 404(b) evidence is granted, and his motion for production of Rule 608(b) material is denied. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 6 2001 | |
| | Notified counsel by telephone. | FILED FOR DOCKETING | date docketed | |
| | Docketing to mail notices. | 01 AUG -3 PM 4: 35 | docketing deputy initials | |
| | Mail AO 450 form. | | | 47 |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Hon. Blanche M. Manning |
| v. | ) | |
| | ) | 99 CR 272 |
| CLARENCE HANKTON | ) | |

## MEMORANDUM AND ORDER

The Government indicted Defendant Clarence Hankton alleging conspiracy to commit assault (Count I), murder (Count II), and assault with a dangerous weapon (Count III), in violation of 18 U.S.C. 1959(a)(1), (3), and (6). The Government alleges that Hankton participated in the murder of a fellow gang member in aid of racketeering activity as defined by 18 U.S.C. 1961(c).

The instant matter is before this Court on the following pretrial motions filed by Hankton: (A) motion for disclosure of impeaching and exculpatory information; (B) motion for early return of trial subpoenas; (C) motion for disclosure of favorable evidence; (D) motion for bill of particulars; and (E) motion to require notice of intention to use other crimes, wrongs, or acts as evidence. The Government has also brought a motion for reciprocal discovery. The Court will address each of these motions in turn.

### I. Defendant Hankton's Pretrial Motions

#### A. Motion for Disclosure of Impeaching and Exculpatory Information

Hankton has filed a motion seeking disclosure of all favorable evidence including any exculpatory and impeaching information. Specifically, Hankton seeks disclosure of the following information: (1) communications by Government Witnesses not concerning Hankton; (2)

inconsistent statements of witnesses the Government intends to call; (3) statements of witnesses the Government intends to call indicating hostility against Hankton; (4) alcoholism, drug use or psychiatric treatment of witnesses the Government intends to call; (5) benefits to the Government's witnesses; (6) criminal history of the Government's witnesses; (7) information on whether the Government's witnesses are informers; (8) polygraph results of witnesses the Government intends to call; (9) prior testimony and/or testimony relating to Hankton of witnesses the Government intends to call; (10) production of non-testifying witnesses with knowledge of the alleged charges; (11) prior bad acts of the Government's witnesses; and (12) plea agreements between the Government and its witnesses.

The Government acknowledges its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and proposes to produce all known evidence that is both favorable to Hankton and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of Government witnesses. Given that the trial is set for August 20, 2001, the Court believes that, under the present circumstances, the Government should immediately turn over all Brady and Giglio evidence which it has not yet produced. This should be sufficient time for Hankton to analyze and assimilate all favorable evidence in preparation for trial. The motion for the disclosure of all exculpatory and impeaching evidence pursuant to Brady and Giglio are accordingly granted with respect to the information the Government does not object to disclosing.

The Government objects to Hankton's request for: (1) information on whether the Government's witnesses are informers; and (2) the production of non-testifying witnesses with knowledge of the alleged charges. Therefore, the Court will address each of the Government's objections in turn.

Neither the Constitution nor Federal Rule of Criminal Procedure 16 requires that a defendant in a noncapital case be provided with a list of all prospective government witnesses. United States v. Braxton, 877 F.2d 556, 560 (7th Cir. 1989); United States v. Napue, 834 F.2d 1311, 1317 (7th Cir. 1987). The district court, however, has the authority to order such production. United States v. Jackson, 508 F.2d 1001, 1005-08 (7th Cir.1975). Such an order, however, requires a particularized need for the list of prospective witnesses. United States v. Shields, 1991 WL 113164, at *3 (N.D. Ill. June 5, 1991). The defendant must articulate a compelling reason other than generalized reasons. United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978).

Here, this Court sees no need to require the Government to disclose a list of its prospective witnesses or whether its witnesses are informants. Hankton has expressed no more than generalized, abstract claims of necessity. The Court believes that such unlimited disclosure is particularly inappropriate when, as here, the Government intends to disclose all Jencks Act material prior to trial which will necessarily reveal the identity of the witnesses expected to be called by the government during its case-in-chief. See, e.g., United States v. Messino, 855 F. Supp. 955, 967 (N.D. Ill. 1994).

Consequently, the Court sustains the Government's objections to Hankton's request for information on whether the Government's witnesses are informers and the production of non-testifying witnesses with knowledge of the alleged charges. Therefore, Hankton's motion with respect to these issues is denied. This ruling, however, does not affect the Government's obligations under Brady v. Maryland, 373 U.S. 83 (1963). Therefore, to the extent that any request seeks the identities of persons who can provide information favorable to the accused which is material to guilt or innocence, the Government must furnish Hankton with the identities

of those persons under Brady. See United States v. Villarael, 752 F. Supp. 851, 852 (N.D. Ill. 1991); Messino, 855 F. Supp. at 966 n. 3.

Accordingly, Hankton's motion seeking disclosure of all favorable evidence including any exculpatory and impeaching information is granted in part and denied in part.

**B.      Motion for Early Return of Trial Subpoenas**

The Government does not object to Hankton's motion for early return of subpoenas. Accordingly, the Court grants this motion.

**C.      Motion for Disclosure of Favor Evidence**

Pursuant to Brady and Giglio, Hankton additionally requests that this Court order the Government to produce all favorable evidence. As stated above, the Government acknowledges its continuing obligations under Brady and Giglio, and proposes to produce all known evidence that is both favorable to Hankton and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of government witnesses. Given that the trial is set for August 20, 2001, the Court believes that, under the present circumstances, the Government should immediately turn over all Brady and Giglio evidence which it has not yet produced. Accordingly, to the extent that it is consistent with Brady and Giglio, Hankton's motion for disclosure of favorable evidence is granted.

**D.      Motion for Bill of Particulars**

Pursuant to Federal Rule of Criminal Procedure 7(f), Hankton has filed a motion for a bill of particulars. Hankton seeks disclosure of the following information: (1) the dates, times, places, and names of all individuals who were involved in the allegations set forth in the indictment; (2) the name and address of every person the government relied upon for information; (3) the name and address of every person the Government intends to call as a

witness; (4) all charges and convictions against each government witness, co-defendants, and co-conspirators.

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars whenever the indictment fails sufficiently to apprise the defendant of the offenses for which he is charged. Fed. R. Crim. P. 7(f). The decision on whether a bill of particulars is appropriate is within the sound discretion of the district court. United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997); United States v. Esteves, 886 F. Supp. 645, 646 (N.D. Ill. 1995).

In determining whether a bill of particulars is necessary, the court must focus on the indictment and whether it "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Kendall, 665 F.2d 126, 134 (7th Cir.1981). See also United States v. Farley, No. 97 CR 0441, 1997 WL 695680, at *5 (N.D. Ill. Oct. 31, 1997). An indictment satisfies this standard if it sets forth the elements of each offense charged, cites the statute or statutes violated, and the time and place of the defendant's conduct that allegedly violates the statute. Kendall, 665 F.2d at 134.

Significantly, the defendant only has a constitutional right to know the offenses with which he is charged, not "the details of how it will be proved." Id. at 135. As a result, the defendant is not entitled to know all of the government's evidence but only the theory of its case. Id. The court should also consider whether the discovery provided by the government, in addition to the allegations in the indictment, allows the defendant to prepare his case and diminishes the potential for surprise at trial. United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978).

Here, Hankton is charged with conspiracy to commit assault (Count I), murder (Count II), and assault with a dangerous weapon (Count III), in violation of 18 U.S.C. §§ 1959(a)(1), (3), and (6).

Section 1959 (a) states in pertinent part:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the law of any State or the United States, or attempts to conspires so to do, shall be punished–

The indictment alleges that Hankton was a "don" in a criminal enterprise engaged in racketeering activity – namely, the distribution of drugs. To increase his position within the criminal enterprise, Hankton allegedly participated in the murder of a fellow gang member. Moreover, Hankton can obtain many of the particulars he seeks through discovery. The Government has agreed to produce a <u>Santiago</u> proffer, notice of its intent to rely on Federal Rule of Evidence 404(b) evidence, and Jencks material. Based on the allegations in the indictment and the information that the Government will provide, the Court concludes that Hankton has sufficient notice of the charges brought against him. Accordingly, Hankton's motion for a bill of particulars is denied.

### E. Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts as Evidence

Hankton further seeks an order requiring notice of the Government's intention to use other crimes, wrongs, or acts evidence under Federal Rules of Evidence 404(b) and 608(b).

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. <u>United States v.</u>

Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Rule 404(b) requires that the government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." Id.

The Government acknowledges its obligations under Rule 404(b) and will file its Rule 404(b) information before trial if it intends to introduce any Rule 404(b) material. The court believes that, given the fast approaching trial date, the Government should immediately disclose all Rule 404(b) material. By immediately providing this information, the Government will come within Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b).

Hankton also seeks pretrial notice of the Government's intention to use "specific instances of conduct" or Rule 608(b) material. Rule 608(b) restricts the use of specific instances of conduct of a witness for the cross examination of that witness. Fed. R. Evid. 608(b). Unlike Rule 404(b), however, Rule 608(b) does not require disclosure of any evidence which might be used for impeachment purposes.

It is well established that defendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16. See United States v.

Hartmann, 958 F.2d 774, 789 n. 5 (7th Cir.1992); United States v. Cerro, 775 F.2d 908, 914-15 (7th Cir.1985). Rule 16 explicitly limits compelled discovery to information the government intends to introduce during its case-in-chief. Fed. R. Crim. P. 16(b)(1)(A). By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16. See United States v. Sims, 808 F. Supp. 607, 611 (N.D. Ill.1992).

Accordingly, Hankton's motion for notice of the Government's intention to use Rule 404(b) material is granted, and the Government is ordered to immediately produce all Rule 404(b) material. The motion for the production of Rule 608(b) material, however, is denied.

## II. Government's Motion for Reciprocal Discovery

Pursuant to Federal Rule of Criminal Procedure 16(b)(1), the Government moves this Court to order Hankton to produce documents and other tangible objects that he intends to produce at trial and the result of any examination or test made in connection with this case. Defendant has not objected to this motion, and therefore, this Court grants the Government's motion.

## CONCLUSION

For the foregoing reasons, Defendant Hankton's

- motion for disclosure of exculpatory and impeaching evidence is granted in part and denied in part;

- motion for early return of trial subpoena's is granted;

- motion for disclosure of favorable evidence is granted;

- motion for a bill of particulars is denied;

- motion for notice of use of Rule 404(b) evidence is granted, and his motion for production of Rule 608(b) material is denied.

It is so ordered.

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: **AUG 0 3 2001**